186 F.3d 243 (2nd Cir. 1999)
 Gerard F. Harris, Plaintiff-Appellant,
v.
City of New York, New York City Police Department, Howard Safir, Police Commissioner, NYCPD and William Bratton, former Police Commissioner, NYCPD, Defendants-Appellees.
 Docket No. 98-7614
August Term, 1998
 UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT
 Submitted May 4, 1999
Decided: August 03, 1999
 
 1
 Appeal from a judgment of the United States District Court for the Southern District of New York (Deborah A. Batts, Judge) dismissing plaintiff's discrimination claims on statute-of-limitations grounds. On appeal plaintiff principally claims that the district court erred in dismissing his claims under Rule 12(b)(6) because it used an incorrect accrual date and because plaintiff alleges a continuing violation. We disagree that the district court relied on an incorrect accrual date, but we agree that some of plaintiff's claims constitute viable continuing violation claims.
 
 
 2
 Judgment AFFIRMED as to the dismissal of plaintiff's claims (1)that he was wrongfully denied promotion to sergeant and (2)that he was wrongfully denied access to the police gymnasium, to the extent that claim was advanced under Title VII or the ADA. Judgment REVERSED and REMANDED as to the dismissal of (1) plaintiff's federal claims (a)that he was wrongfully denied promotion to detective second grade, (b)that he was wrongfully denied access to the police gymnasium, to the extent that claim was advanced under the Rehabilitation Act, and (c)that he was wrongfully denied the opportunity to earn additional vacation days and (2)plaintiff's state law claim. [Copyrighted Material Omitted][Copyrighted Material Omitted]
 
 
 3
 ROSEMARY CARROLL, Carroll & Friess, New York, NY for Plaintiff-Appellant.
 
 
 4
 A. ORLI SPANIER, Assistant Corporation Counsel, New York, NY for Defendants-Appellees.
 
 
 5
 Before: CABRANES and SACK, Circuit Judges, and SHADUR,* District Judge.
 
 SHADUR, District Judge:
 
 6
 This appeal addresses whether plaintiff-appellant Gerard F. Harris ("Harris") was too late in filing his discrimination claims against his former employer, the New York City Police Department ("Police Department"). Harris sued the City of New York, the Police Department and the current and a former police commissioner (as a matter of convenient usage, all defendants will be referred to here as "City," treated as a singular noun), charging violations of his rights under the Americans with Disabilities Act ("ADA," 42 U.S.C. §12101-12213), the Rehabilitation Act of 1973 ("Rehabilitation Act," 29 U.S.C. §701-796l), Title VII of the Civil Rights Act of 1964 as amended ("Title VII," 42 U.S.C. §2000e to 2000e-17), 42 U.S.C. §1983 ("Section 1983"), the Fourteenth Amendment to the United States Constitution and N.Y. Exec. Law §296 (Consol. 1999).
 
 
 7
 Holding that Harris' federal claims were untimely filed, the United States District Court for the Southern District of New York (Deborah A. Batts, Judge) granted City's Fed. R. Civ. P. ("Rule") 12(b)(6) motion for dismissal on statute of limitations grounds. Harris' state law claim was dismissed as well, because it was then no longer supplemental to a subsisting federal claim. Harris appeals. We affirm in part and reverse and remand in part.
 
 Background
 
 8
 Harris began working as a City police officer in January 1981. In April 1987 he was designated a detective third grade. Harris later took and passed Civil Service Examination No. 6681 for promotion to sergeant. Those examination results placed him at number 1,810 on the eligibility list for sergeant, which was promulgated on April 7, 1989, so that its normal latest possible expiration date was four years later April 7, 1993.
 
 
 9
 Harris suffered a back injury in the line of duty in August 1991. After the injury he was placed on "restricted duty" status. Several months later, in February 1992, Harris submitted an application for accident disability retirement benefits, stating that his back injury left him no longer able to perform the duties of a police officer. Those benefits were awarded on April30, 1994 and Harris retired from the police force without having been promoted to either sergeant or detective second grade.
 
 
 10
 On August 31, 1994 Harris filed his first discrimination complaint against City with the Equal Employment Opportunity Commission ("EEOC"). Thereafter Harris filed several supplemental charges with EEOC, assertedly because of mistakes made by EEOC regarding his original filing. Ultimately EEOC issued a right-to-sue letter in August 1996.
 
 
 11
 Harris filed suit in the Southern District of New York several months later, alleging that his rights had been violated by City in several respects: (1) It did not consider him for promotion to sergeant; (2) it did not advance him to detective second grade; (3) it prevented him from working more than 8 hours a day, even though an 8 hour and 10 minute workday could earn him 6 additional vacation days per year; and (4) it prevented him from using the police gymnasium. In response City filed a Rule 12(b)(6) motion to dismiss all claims as time-barred, which motion the district court granted in its entirety. This is the appeal from that dismissal.
 
 Rule 12(b)(6)
 
 12
 Any Rule 12(b)(6) movant for dismissal faces a difficult (though not insurmountable) hurdle (Bolt Elec., Inc. v. City of New York, 53 F.3d 465, 469 (2d Cir. 1995)(citations and internal quotation marks omitted)):
 
 
 13
 On a motion to dismiss under Rule 12(b)(6), the court must accept as true the factual allegations in the complaint, and draw all reasonable inferences in favor of the plaintiff. The district court should grant such a motion only if, after viewing plaintiff's allegations in this favorable light, it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.
 
 
 14
 Here the inquiry centers around whether Harris has alleged facts that could bring his claims within the applicable statutes of limitations.
 
 Denial of Promotion to Sergeant
 
 15
 Harris' first claim is that City denied him a promotion to sergeant in violation of the ADA, the Rehabilitation Act and the Fourteenth Amendment (the latter via Section 1983).[1] Although those statutory bases for that injury have different statutes of limitations, each would accrue at the same time: when Harris knew or had reason to know of the injury serving as the basis for his claim (see, among the numerous cases so holding, Cornwell v. Robinson, 23 F.3d 694, 703 (2d Cir. 1994); Morse v. University of Vermont, 973 F.2d 122, 125 (2d Cir. 1992)).
 
 
 16
 Accordingly we must determine when Harris knew or should have known that he had been passed over for promotion to sergeant. From that date he had 300 days[2] to file his ADA complaint with EEOC (42 U.S.C. §2000e-5(e), incorporated into ADA by reference in 42 U.S.C. §12117(a)), and he had three years to file his Rehabilitation Act and Section 1983 claims in federal court (Okure v. Owens, 816 F.2d 45, 49 (2d Cir. 1987)(holding that three years is the appropriate statute of limitations for New-York-based Section 1983 claims), aff'd, 488 U.S. 235 (1989)); Morse, 973 F.2d at 127 (holding that Rehabilitation Act claims are subject to the same statute of limitations as Section 1983 claims)).
 
 
 17
 In this instance the district court held that Harris knew or should have known of his injury by April 7, 1993. Under New York law civil service lists are ordinarily in effect for no more than four years (N.Y. Civ. Serv. Law §56(McKinney 1999)), and Harris' eligibility list was promulgated on April 7, 1989. Accordingly, the district court reasoned, he should have been aware four years later that he was not going to be promoted. Harris, on the other hand, argues that New York law allows the expiration date for civil service lists to be extended in some circumstances (id.; see, e.g., Petitto v. Barrios-Paoli, 664 N.Y.S.2d 33, 34 (N.Y. App. Div. 1997)), so that the district court should not have treated him as having knowledge of his injury by April 7, 1993.
 
 
 18
 But such a list extension would certainly be the exception, not the rule. Furthermore, a Personnel Bureau Memo dated February 1, 1990 stated that the Police Department's policy was that it would not promote any officer on less than full duty. That policy statement, coupled with the normal expiration date of the sergeant eligibility list, should at least have triggered Harris's inquiry about his status by or immediately after April 7, 1993. Under cases such as Cornwell, 23 F.3d at 703, we look not only at what Harris actually knew but also at what he had reason to know. In that respect we hold that once the eligibility list expired, Harris should have known he was not going to be promoted to sergeant.
 
 
 19
 Because Harris did not file his first EEOC charge until August 31, 1994,[3] which was more than 300 days after he should have known he was passed over for promotion to sergeant, his ADA claim based on that injury is time-barred. In addition, his Rehabilitation Act and Section 1983 claims based on his non-promotion to sergeant are time-barred because more than three years passed between the accrual date of April 7, 1993 and his October 4, 1996 court filing date.
 
 
 20
 Harris argues, however, that he was subject to a continuing violation of his rights and he should therefore still be permitted to bring his claim. There is indeed a "continuing violation" exception to the normal knew-or-should-have-known accrual date of a discrimination claim when "there is evidence of an ongoing discriminatory policy or practice, such as use of discriminatory seniority lists or employment tests" (Van Zant v. KLM Royal Dutch Airlines, 80 F.3d 708, 713 (2d Cir. 1996)). In that situation the existence of such a continuing discriminatory practice or policy may delay the commencement of the statute of limitations period "until the last discriminatory act in furtherance of it" (Gomes v. Avco Corp., 964 F.2d 1330, 1333 (2d Cir. 1992)(internal quotation marks and citations omitted)). But that exception cannot save Harris' claim that he was wrongfully denied promotion to sergeant. Even if the Police Department engaged in a continuing violation by not promoting him to sergeant, that violation ended when Harris' civil service list expired on April 7, 1993, because after that date the Department was no longer failing to promote him due to his restricted duty status.
 
 
 21
 In sum, as to Harris' argument that he was wrongfully denied promotion to sergeant, we affirm the district court's dismissal of his claims. We turn to his next claim.
 
 
 22
 Denial of Promotion to Detective Second Grade
 
 
 23
 Harris invokes the same statutory provisions--the ADA, the Rehabilitation Act and Section 1983--to support his claim that he was wrongfully denied designation as detective second grade because of his restricted duty status.[4] And he fares better on that score.
 
 
 24
 For that purpose we look to the allegations in Harris' Amended Complaint, which is the legally effective pleading for Rule 12(b)(6) purposes (see Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994)(citation and quotation marks omitted), reconfirming that "[i]t is well established that an amended complaint ordinarily supersedes the original, and renders it of no legal effect"). Harris asserts there that he was eligible for advancement from detective third grade to detective second grade because of his "excellent performance of job duties." He further alleges he was eligible for that promotion until he retired (in contrast to our earlier holding that his eligibility for the promotion to sergeant expired a year before his retirement). Hence even though Harris' claim for denial of promotion to sergeant has been time-barred, his claim for denial of promotion to detective second grade may not be.
 
 
 25
 After reviewing the Amended Complaint's allegations, we conclude that it would be entirely possible to find that Harris should have known he was not being considered for the detective-second-grade promotion before he retired. Presumably an employee pursuing promotion would inquire--at some point between his on-the-job injury and his retirement--about the possibility of advancement. Furthermore, the Police Department's clearly articulated written policy dated February 1, 1990 states that officers not on full duty are not considered for promotions. Indeed, City argues that the statute of limitations should have begun to run when Harris applied for disability retirement benefits in June 1992. After all, Harris stated in his Amended Complaint that he filed the application because "he had no prospects for career advancement," plainly indicating that he then knew he would not be promoted.
 
 
 26
 Despite all that, we need not determine precisely when Harris first should have known of his injury, because (crediting Harris' allegations, as we must at this stage) we hold that the failure to consider him for promotion to detective second grade falls within the already-mentioned "continuing violation" exception. In that respect it should be understood that the doctrine does not apply when a plaintiff challenges a facially neutral policy but offers no evidence that the policy has a discriminatory motive (O'Malley v. GTE Serv. Corp., 758 F.2d 818, 821 (2d Cir. 1985)). Instead, to advance a continuing violation claim a plaintiff must point to his disparate treatment stemming from a continuous practice of intentional discrimination (Gomes, 964 F.2d at 1333).
 
 
 27
 In that respect Harris' Amended Complaint can fairly be construed as alleging a disparate treatment claim. Amended Complaint ¶2 refers to "defendants' policy of no promotion or other accommodations of employees with disabilities," an allegation later repeated in varying forms. Thus Amended Complaint ¶43 alleges that he was passed over for promotion "because of the aforesaid disability," and Amended Complaint ¶52 alleges that "[p]ursuant to the policy and practice of the defendants, no advancement in detective grade was permissible for a detective on 'Restricted Duty.'" Taken together, those statements can be construed to allege that Police Department has a continuous policy and practice of intentional discrimination against injured officers such as Harris.
 
 
 28
 That alone does not save Harris' claim stemming from the denial of detective second grade designation. We have made it clear that a continuing violation cannot be established merely because the claimant continues to feel the effects of a time-barred discriminatory act (Lightfoot v. Union Carbide Corp., 110 F.3d 898, 907 (2d Cir. 1997)). Nor can an otherwise barred claim be rendered timely by the mere continuation of the claimant's employment (Delaware State College v. Ricks, 449 U.S. 250, 257 (1980)). Rather the claimant must allege both the existence of an ongoing policy of discrimination and some non-time-barred acts taken in furtherance of that policy.
 
 
 29
 This case presents a particularly difficult situation in that regard, because Harris contends that the Police Department's inaction--its repeated failure to consider him for promotion--is the "act" in furtherance of the continuing policy of discrimination that saves Harris' claim from dismissal. In contrast to most failure-to-promote cases, Harris does not allege that his employer failed to promote him on a particular date. So it is unclear whether Harris' superiors made a one-time decision soon after his injury not to consider him for promotion (a single completed act of discrimination that had continuing effects only due to his continued employment) or whether they continuously failed to act (including some discriminatory decision arrived at within the statute of limitations) in furtherance of a continuing discriminatory policy. All that Harris alleges is that he was eligible for the promotion until his retirement and that the Police Department failed to grant it to him throughout that time period, pursuant to its policy of not promoting restricted duty officers. Nothing is said as to the precise nature or timing of the employer's last failure to act.
 
 
 30
 Were we reviewing a summary judgment motion, we would have more facts before us to indicate what sort of "inaction" the Police Department engaged in and when. But for now we must construe Harris' Amended Complaint liberally, with a Rule 12(b)(6) dismissal being appropriate only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief" (Conley v. Gibson, 355 U.S. 41, 45-46 (1957)).
 
 
 31
 What that means in the statute of limitations context is that dismissal is appropriate only if a complaint clearly shows the claim is out of time. And consistently with the Amended Complaint it is possible that Harris could demonstrate some discriminatory act that did occur within the statute of limitations, so that his claim would not be time-barred (see Lightfoot, 110 F.3d at 907, stating that "the mere allegation of the existence of such a [continuing] policy would be sufficient to withstand a challenge for failure to state a claim"; Egelston v. State Univ. College at Geneseo, 535 F.2d 752, 755 (2d Cir. 1976)(same)).
 
 
 32
 It was premature, then, for the district court to have dispatched that aspect of Harris' claims on a Rule 12(b)(6) motion to dismiss. We therefore reverse and remand the district court's dismissal of the claims based on the asserted denial of Harris' of promotion to detective second grade.
 
 Denial of Additional 10 Minutes in Workday
 
 33
 Another facet of Harris' Amended Complaint is the claim that he was wrongly denied the opportunity to earn 6 additional vacation days per year. Officers who work 8 hours and 10 minutes each day--instead of the standard 8 hours--earn extra vacation time. Although Harris does not specify under what rubric he brings that claim, it would seem that he looks to Title VII[5] (and perhaps to Section 1983 as well), because he alleges that similarly situated women were permitted to accrue additional vacation days by working the extra minutes. It is also possible to read the Amended Complaint as bringing the ADA and the Rehabilitation Act into play, because officers on restricted duty cannot work more than 8 hours per day.
 
 
 34
 No separate consideration was given to the accrual date of this alleged injury in the district court's opinion. Nor does the Amended Complaint identify any time element as to this claim: It is silent as to when Harris discovered he was not permitted to earn extra vacation days or when he learned that female officers were. But he need not include such allegations at this early stage of the proceedings, for the statute of limitations is an affirmative defense under Rule 8(c)(see also Overall v. Estate of Klotz, 52 F.3d 398, 403 (2d Cir. 1995)) that Harris' pleading need not have anticipated (see 5 Charles Wright & Arthur Miller, Federal Practice and Procedure: Civil 2d §1276 (2d ed. 1990 & 1999 pocket part)).
 
 
 35
 Once again, the survival of a Rule 12(b)(6) motion to dismiss on statute of limitations grounds requires only allegations consistent with a claim that would not be time-barred. Because Harris filed his charge with EEOC within 300 days of leaving the police force and because he filed suit within three years of leaving the force, he has met that requirement. We cannot uphold the dismissal of that claim either.
 
 
 36
 Denial of Access to Department Gymnasium Facilities
 
 
 37
 Harris' final federally-based claim was that he had been denied access to police gymnasium facilities because of his restricted duty status. According to Amended Complaint ¶13, Harris was denied access "[o]n or about December, 1993." Measured from that date, Harris' EEOC charge was untimely even if the August31, 1994 filing is construed as having included Harris' claim regarding access to the gymnasium (see n.2). However, Harris' Rehabilitation Act claim, filed within three years of the date of that injury, cannot be said at this stage to have been untimely.
 
 State Law Claim
 
 38
 Finally, the district court dismissed Harris' state law claim because it had dismissed all the federal claims over which it had original jurisdiction. Because we have confirmed the potential existence of federal claims to which supplemental jurisdiction may attach, we reverse and remand the district court's dismissal of the state law claim as well.
 
 Conclusion
 
 39
 We AFFIRM the district court's dismissal of Harris' claims (1)that he was wrongfully denied promotion to sergeant and (2)that he was wrongfully denied access to the police gymnasium to the extent that claim was advanced under Title VII or the ADEA. We REVERSE the district court's dismissal of (1)Harris' federal claims (a)that he was wrongfully denied promotion to detective second grade, (b)that he was wrongfully denied access to the police gymnasium, to the extent that claim was advanced under the Rehabilitation Act, and (c)that he was wrongfully denied the opportunity to accrue vacation days, as well as the dismissal of Harris' state law claim, and we REMAND for further proceedings consistent with this opinion.
 
 
 
 Notes:
 
 
 *
 The Honorable Milton I. Shadur, of the United States District Court for the Northern District of Illinois, sitting by designation.
 
 
 [1]
 We need not address Harris' state law claim based on that injury until later in this opinion, because the survival of that claim in federal court depends on the outcome of his appeal from the dismissal of his federal claims.
 
 
 [2]
 Because the existence of its State Division of Human Rights ("DHR") makes New York a so-called deferral state for Title VII (and hence ADA) purposes (see 42 U.S.C. §2000e-5(e)(1)), the seminal teaching of Mohasco Corp. v. Silver, 447 U.S. 807, 816-17 (1980) calls for application of the 300-day rule and see such decisions in this Circuit as Pikulin v. City Univ. of New York, 176 F.3d 598, 599 (2d Cir. 1999)(per curiam).
 
 
 [3]
 At the motion to dismiss stage that is before us, we construe all of Harris' EEOC submissions as having been filed on August 31, 1994, the date of his first EEOC charge. Harris alleges (and we accept for current purposes) that an EEOC supervisor advised him that due to an EEOC error all of his claims would be deemed retroactive to the earliest filing. Generally courts do not penalize litigants for EEOC's mistakes and misinformation (see, e.g., Jackson v. Richards Medical Co., 961 F.2d 575, 587 n.11 (6th Cir. 1992), cited and quoted with approval in Ford v. Bernard Fineson Dev. Ctr., 81 F.3d 304, 312 (2d Cir. 1996)).
 
 
 [4]
 Although the district court did not separately address Harris' allegations that he was denied promotion to detective second grade, we do so because it raises distinct factual issues as to the date on which the statute of limitations began to run and as to the continuing violation concept.
 
 
 [5]
 Like ADA claims, Title VII claims have a 300-day time limit for filing with EEOC (Butts v. City of New York Dep't of Hous. Preservation and Dev., 990 F.2d 1397, 1401 (2d Cir. 1993)).